## ARTHUR MEYER v. ANDREW AGREN.[1]

October 6, 1939.

No. 32,080.

*Garfield H. Rustad, P. B. Garberg,* and *Andrew Agren,* for appellant.

*Christian G. Dosland,* for respondent.

STONE, JUSTICE.

Action for wrongful death wherein, after verdict for plaintiff, defendant appeals from the order denying his motion in the alternative for judgment notwithstanding or a new trial.

On a street intersection in Moorhead there was a daylight collision between a truck driven by plaintiff and another automobile of which defendant was the driver and sole occupant. The result was instantly fatal to plaintiff's wife, who was a passenger in his car.

Defendant's testimony, the jury could well have concluded, was inconsistent with demonstrated fact. It was also opposed by the

[1] Reported in 287 N. W. 680.

evidence for plaintiff, consisting of his own testimony and that of another disinterested eyewitness. The evidence for plaintiff was believed by the jury and well supports the verdict. We have no right therefore to disturb it. Further discussion of evidentiary details would be futile.

We have been embarrassed by the fact that defendant, a layman, has presented his case here without aid of his attorneys, except that they have submitted a brief, which, with all the other material in the case, has had our careful consideration. The whole argument for defendant is that the jury should have believed him rather than plaintiff and the latter's witnesses. It is not our province to determine what the truth was. We do not pretend to have done so. It is compelling upon us that the record shows substantial evidence in support of the verdict. To overturn the decision of those who, under our constitution and laws, have the duty of final determination would be a violation by us of the constitutional law of the state, an aspect of the case which apparently has not heretofore been brought home to defendant. When it is, as it must be by this decision, he, as much as any informed and law-abiding citizen, can be depended upon, not for that acquiescence which comes from agreement, but for that yielding to the authority of law and government which is the duty of every citizen.

Aside from the merits, there is a point going to the charge of the court which we have examined and which, in application to the facts, we find without prejudicial error. The order is affirmed.

So ordered.